UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Lisa Babel

    v.                                          Civil No. 05-cv-206-SM

Curran Management Services, Inc.

**ORDER TO SHOW CAUSE**

    In reviewing the record to determine whether these cases should be consolidated, it appeared to the court that removal may have been improper as untimely. The removal statute, 28 U.S.C. § 1441(a) is generally construed against removal, with doubt being resolved in favor of remand. See City of Chicago v. International College of Surgeons, 522 U.S. 156 (1997); Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 578-579 (1954).

    It appears that these cases were first removed by defendant from the New Hampshire Commission for Human Rights, before which an administrative proceeding was ongoing, to the New Hampshire Superior Court. See N.H. Rev. Stat. Ann. ch. 354-A:21-a. Defendant then removed the pending state civil action to this court. Removal of the administrative action to the state

superior court occurred, it would seem, on either May 2, 2005 (when notice of removal was filed with the administrative agency) or May 5, 2005, when an initial pleading was filed in the New Hampshire Superior Court confirming the administrative removal and disclosing a basis for federal removability.[1]  The notice of removal to this court was filed on June 9, 2005, more than thirty days after filing of the initial pleading removing the case to state court, which pleading set forth the nature of the claims and disclosed the suit's removable character.  This is a somewhat odd situation in that <u>defendant</u> filed the initial pleading that disclosed removability, but there does not seem to be any reason why the thirty day removal period should not begin to run from that event.  (Whether the Title VII claim has been successfully removed raises different complex issues.)

---

[1]  The notice of removal to this court invokes diversity jurisdiction and does not mention federal question jurisdiction – even though the removed case purportedly raises Title VII discrimination claims as well.  In that regard, the record does not disclose whether a right-to-sue letter has been issued to the plaintiffs.  An issue may arise with regard to a diverse defendant's ability to remove an unexhausted Title VII claim from a state agency to federal district court, via a state court, pursuant to a state administrative removal statute.

Within thirty (30) days of the date hereof, the parties shall show cause why this case should not be remanded to state court based upon improper removal.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 5, 2005

cc:  H. Jonathan Meyer, Esq.
     Douglas A. Troyer, Esq.
     Thomas O. Moriarty, Esq.